# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ALLIANCE CONSULTING, INC.,

        Plaintiff,

v.                                         CIVIL ACTION NO. 5:17-cv-03541

WARRIOR ENERGY RESOURCES, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Motion for Expedited Emergency Hearing* (Document 3), together with the attached *Memorandum of law in Support of Plaintiff, Alliance Consulting, Inc.'s Verified Complaint for Injunctive and Other Relief* (Document 3-1). The Court has also reviewed the Defendant's *Motion to Dismiss the Plaintiff's Complaint* (Document 7), the *Memorandum of Law in Support of Motion to Dismiss the Plaintiff's Complain* (Document 8), the *Response in Opposition to Defendant's Motion to Dismiss* (Document 9), and the *Reply in Support of Motion to Dismiss the Plaintiff's Complaint* (Document 10). In addition, the Court has reviewed all attached exhibits, as well as the Plaintiff's *Verified Complaint for Injunctive and Other Relief* (Document 1-1). For the reasons stated herein, the Court finds that the Plaintiff's motion for injunctive relief should be denied, and the Defendant's motion to dismiss should be granted.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The Plaintiff, Alliance Consulting, Inc., filed this suit against Warrior Energy Resources, Inc., in the Circuit Court of Raleigh County, West Virginia, on or about June 30, 2017. Warrior removed the case to federal court on July 6, 2017. Alliance provides engineering and consulting services to coal companies. Warrior entered into a contract with Alliance under which Alliance was to prepare and submit materials necessary to obtain mining permits for a coal mine in Greenbrier County, West Virginia, from the West Virginia Department of Environmental Protection (DEP). Warrior named Alliance as the master consultant "allowing Alliance to submit and interact with the WVDEP on Warrior's behalf for all of the…permits." (Compl. at ¶ 8.) Alliance updated and supplemented the permit applications and related materials in response to comments and requests from the DEP.

Warrior failed to pay Alliance for its work, and Alliance declined to continue or complete the permit applications without a guaranty for payment or other accommodation. Warrior removed Alliance as master consultant, and Alliance can no longer access its work product on the DEP web portal. Alliance alleges that "Warrior has converted the work product of Alliance and has indicated that it will use the same to have the permits issued by utilizing the services of another engineering firm." (*Id.* at ¶ 11.) Alliance asserts the following causes of action: breach of contract and unjust enrichment; breach of duty of good faith and fair dealing; and temporary injunction.

After Warrior removed the case to federal court, Alliance filed its motion for an emergency hearing on its cause of action seeking a temporary injunction. Shortly thereafter, Warrior filed a

motion to dismiss, asserting that the parties' contract required non-binding pre-suit mediation. Both motions are now ripe for review.

As an initial matter, the Court finds it appropriate to consider the motion for injunctive relief before determining whether mediation is required. Although contractually required mediation does not fall under the Federal Arbitration Act, the issues involved overlap. The Fourth Circuit has held that "under certain circumstances, a district court has the discretion to grant one party a preliminary injunction to preserve the status quo pending the arbitration of the parties' dispute." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1052 (4th Cir. 1985) (finding injunctive relief prior to staying a case for arbitration appropriate where denial of such relief would deprive the opposing party of relief, rendering the arbitration a 'hollow formality'). Thus, the Court will consider whether Alliance is entitled to injunctive relief before addressing Warrior's motion to dismiss.

## PRELIMINARY RELIEF

Alliance seeks a temporary restraining order or preliminary injunction to prevent Warrior from continuing to use the permitting materials filed with the DEP. It asserts that Warrior "has no right [to] title or interest in the work product" because it has not paid Alliance the outstanding bill of $302,861.18. (Mem. in Supp. of Inj. at 2.) Alliance argues that it has suffered and will suffer irreparable harm because of the risk that Warrior's mines will not be profitable and it will not pay, shifting "the risk of loss to Alliance." (*Id.* at 4-5.) Further, Alliance asserts that its employees' jobs will be at risk if it does not receive payment. Alliance argues that Warrior would not be harmed because it contractually agreed to make the payments, and that Alliance is likely to succeed on the merits based on the terms of the contract. Alliance further asserts that an

injunction is in the public interest because enforcement of contracts and payment of debts are in the public interest, and an injunction would further Alliance's ability to offer employment and pay taxes.

Preliminary relief is considered an "extraordinary remedy." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs must satisfy all four requirements. *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion). Courts are reluctant to grant preliminary injunctions "where the harm at issue can be remedied by an award of money damages." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). However, extraordinary circumstances, including the risk that a defendant may become insolvent before a final judgment is awarded, can justify preliminary relief. *Id*. at 694.

This matter is a routine breach-of-contract case based on alleged non-payment. While Alliance may be likely to succeed on the merits of its breach of contract claim, it seeks an injunction to prevent Warrior from continuing to use its work in the interim. An injunction barring Warrior from continuing to use the work product created by Alliance would do nothing to resolve the dispute, as Alliance would presumably still wish to be paid for its completed work.[1] Nor would such an injunction prevent layoffs, if Warrior's non-payment threatens Alliance's

---

1 The work product at issue consists of materials specific to Warrior's permit applications. Alliance does not allege that it contains proprietary information or that the work could be sold to other clients if Warrior were enjoined from continuing to use it in its permitting application(s).

4

ability to retain its workers. The record includes evidence that Warrior offered to make payments of $10,000 per month to Alliance, suggesting an effort to meet its obligations. Further, forcing Warrior to restart the permit application process would hardly reduce the risk that its mining ventures will prove unprofitable and it will be unable to pay. Alliance has not alleged facts that could lead this Court to conclude that this is an extraordinary circumstance requiring the extraordinary remedy of preliminary relief. The *Winter v. NRDC* factors have not been satisfied, and the Court therefore finds that Alliance's motion for an emergency hearing on preliminary relief should be denied.

## MOTION TO DISMISS

Warrior seeks to dismiss on the basis of an agreement to submit all disputes arising out of the parties' contract to mandatory non-binding mediation. Warrior asserts that Alliance failed to seek mediation in accordance with the parties' agreement, and moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and/or 12(h)(3). In the alternative, Warrior seeks a stay pending mediation. Alliance argues that the request for injunctive relief is not subject to the mediation provision, because it is a type of relief unavailable in mediation. Further, Alliance asserts that the mediation provision does not apply to this dispute because it is "strictly about payment and has no bearing on the intellectual process of design and construction." (Pl.'s Resp. at 4.) Alliance suggests that Warrior's demand for mediation is merely an attempt to delay resolution of the dispute.

The Court finds that mediation is required under the terms of the parties' contract. Courts in this Circuit are divided as to whether failure to comply with a contractual pre-suit dispute resolution requirement deprives a court of jurisdiction under Rule 12(b)(1), or is more properly

considered under Rule 12(b)(6). *See, e.g.*, *Kane Builders S & D, Inc. v. Maryland CVS Pharmacy, LLC*, No. CIV.A. DKC 12-3775, 2013 WL 2948381, at *2 (D. Md. June 13, 2013) (rejecting jurisdictional challenge and applying Rule 12(b)(6)); *Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (finding that parties had agreed not to be subject to a court's jurisdiction until after a mediation attempt); *United States Northstar Foundations, Inc. v. Satterfield & Pontikes Constr., Inc.*, No. 3:13-CV-2, 2013 WL 12137650, at *3 (N.D.W. Va. June 19, 2013) (setting forth the standards for Rules 12(b)(1), 12(h)(3), and 12(c), without deciding which applies to cases involving a failure to mediate).

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Rule 12(h)(3) requires a court to dismiss an action if it determines, at any point in the litigation, that it lacks subject matter jurisdiction.

Whichever standard is applied, however, the terms of the parties' contract govern, and require dismissal.[2] Under West Virginia law, "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." *Zimmerer v. Romano*, 679 S.E.2d 601, 610 (W. Va. 2009) (quoting Syl. pt. 1, *Cotiga Development Company v. United Fuel Gas Company,* 128 S.E.2d 626 ( W. Va. 1963)). The applicable provision in the parties' contract provides, in full, as follows:

> In an effort to resolve any conflicts that arise during the design or construction of the project or following completion of the project, [Warrior] and Alliance agree that all disputes between them arising out of or relating to this Agreement shall be submitted to nonbinding mediation unless the parties mutually agree otherwise. [Warrior] and Alliance further agree to include a similar mediation provision in all agreements with independent contractors and consultants retained for the project and to require all independent contractors and consultants also to include a similar mediation provision in all agreement with subcontractors, subconsultants, suppliers, or fabricators so retained, thereby, providing for mediation as the primary method for dispute resolution between the parties to the agreement.

(Contract, at § XVI, att'd as Def. Ex. B) (Document 7-3.) Warrior's alleged failure to pay for work performed by Alliance under the contract clearly falls within the dispute resolution provision requiring pre-suit mediation of "any conflicts" and "all disputes…arising out of or relating to this agreement." Thus, Warrior's motion to dismiss should be granted.

---

2 Because the contract is integral to the complaint, explicitly relied upon in the complaint, and its authenticity is not challenged, the Court may consider it in connection with a Rule 12(b)(6) motion, as well as a jurisdictional challenge. *See, e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011); *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012).

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion for Expedited Emergency Hearing* (Document 3) be **DENIED.** The Court further **ORDERS** that the *Motion to Dismiss the Plaintiff's Complaint* (Document 7) be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 14, 2017

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA